Bichardson, J.,
delivered the opinion of the court:
Jurisdiction of this case is conferred upon the court by a special act of Congress, which is as follows:
Chap. 38. — AN ACT for tlie relief of Col. Daniel McClure, assistant paymaster-general.
11 Be it enacted by the Senate and House of Representatives of the United States in Congress assembled,
“ That the claims of Daniel McClure, assistant paymaster-general, for credits on differences in his accounts, as paymaster under his official bond, dated March second, eighteen hundred' and fifty-nine, shall be, and are hereby, referred to the Court of Claims, with jurisdiction to hear.and determine said claims.
“And if the said court shall fee satisfied from the evidence that any of the moneys charged to him were not in fact received by him, or that other just and equitable grounds exist for credits claimed by him, it shall make a.decree setting forth the amount to which the said McClure shall be entitled to receive credit; upon which the proper accounting officers of the Treasury shall allow him the amount so decreed as a credit in the settlement of his said accounts:
“ Provided, That the testimony of said McClure shall be received in his own behalf by said court; and until the determination of the said cause, the final adjustment of his said accounts is suspended: And provided further, That an appeal shall be allowed to either party as in other cases.
“Approved, February 24-, 1874.”
This act requires of the court duties different in some respects from those which apply to cases under its general jurisdiction and makes it necessary to present the findings in somewhat different form, which we have done.
The claimant seeks to obtain credit for $289.05, on account of money taken from him by the enemy in Texas in time of war, without his fault, and for $1,183.13 on deposit with an assistant *16 treasurer of the United States, who deserted to the enemy and turned over the same with other public funds in his hands to tie rebel government in Texas in 1861.
Another item of credit claimed by him is for $1,000, which was an overaddition of payments made by his clerk on a payroll. By reason of this, he alleges that he in some way lost that amount of money, but the court does not find the fact so to be.
He also denies that he has received three several sums of money for which other paymasters had his receipts, returned them to the War Department, received credit therefor in their respective accounts, and were allowed the amounts thereof in settlement by the accounting officers of the Treasury, and which were charged to the claimant, viz: Major Hewitt, $1,432.48; Major Stevenson, $25,000 ; and Major Hanna, $4,993.06.
Upon these three allegations and claims the act requires that “ if the said court shall be satisfied from the evidence that any of the moneys charged to him were not in fact received by him, or that other just and equitable grounds exist for credits claimed by him, it shall make a decree setting forth the amount to which said McClure.shall be entitled to receive credit, upon which the proper accounting officers of the Treasury shall allow him the amount so decreed as a credit in the settlement of his accounts.”
No questions of law are raised $ and the court having found that it is not satisfied from the evidence that the moneys charged to him were not in fact received by him, or that other just and equitable grounds exist for the credits claimed, except for those of $289.05 and $1,183.13 for money taken from him by hostile forces in Texas, which the court allows, it only remains to enter a decree to that effect, and he will have credit for the two sums last mentioned and no more.